UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MATTHEW D. KOHUS,<br>Plaintiff,<br><br>vs.<br><br>DAVID FRIEND, et al.,<br>Defendants. | Case No. 1:16-cv-968<br>Barrett, J.<br>Litkovitz, M.J.<br><br><br><br>**REPORT &**<br>**RECOMMENDATION** |

Plaintiff initiated this action on September 30, 2016 against defendants alleging employment discrimination pursuant to 42 U.S.C. § 1983. (Doc. 1). On December 20, 2016, plaintiff was ordered to show cause in writing within twenty days why this matter should not be dismissed for failure of service upon defendants. (Doc. 2). Subsequently, on January 18, 2017, this Court's show cause order was returned to the Clerk of Court marked "Undeliverable – Return to Sender". (Doc. 3). Plaintiff was advised that his failure to comply with the terms of the show cause order would result in a recommendation to the District Court that this action be dismissed.

To date, more than twenty days later, plaintiff has not responded to the show cause order and there is no indication from the docket that plaintiff is actively engaged in litigating this case. Accordingly, dismissal is appropriate. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice for lack of prosecution and for failure to obey a Court order.

Date: 1/20/17

_____
Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHEW D. KOHUS,
    Plaintiff

vs.

DAVID FRIEND, et al.,
    Defendants.

Case No. 1:16-cv-968

Barrett, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).